UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBY BUSZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00513-PPS-SLC |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

Before the Court is a letter filed by *pro se* Plaintiff on December 18, 2023, which the Court deems to be a motion for recusal of the undersigned Magistrate Judge. (ECF 5). In support of his request, Plaintiff states that his case "has been going on since 2017," and that the undersigned "cherry picked" his medical evidence in 2022. As a result, Plaintiff explains that he has been under "mental anguish" and "financial hardship," and thus, that the undersigned should completely withdraw from his case. Plaintiff attaches to his letter what appears to be a docket sheet corresponding to another case, *Busz v. Comm'r of Soc. Sec.*, No. 1:20-cv-000398-SLC. To the extent that Plaintiff's letter requests the recusal of the undersigned Magistrate Judge, his motion will be DENIED.

As a threshold matter, Plaintiff files a letter, but any request seeking relief from this Court must be filed as a motion captioned for this Court with a clear request for relief. *See* Fed. R. Civ. P. 7(b), 10(a); *see* N.D. Ind. L.R. 7-1. That aside, a federal magistrate judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This is judged by an objective standard—"whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the

merits." *Hooker v. McDade*, 89 F.3d 350, 354 (7th Cir. 1996) (quoting *In re Mason*, 916 F.2d 384, 385-86 (7th Cir. 1990)). Similarly, a magistrate judge should recuse herself when "[she] has a personal bias or prejudice concerning a party . . . ." 28 U.S.C. § 455(b)(1).[1] But "[b]ias must be proven by compelling evidence, and it must be grounded in some form of personal animus that the judge harbors against the litigant." *United States v. Barr*, 960 F.3d 906, 920 (7th Cir. 2020).

"[J]udicial rulings alone are almost never a valid basis for a recusal motion." *Id.* (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Indeed, "parties who disagree with a judge's assessment of their positions have many remedies and protections, but recusal is not one of them . . . ." *In re City of Milwaukee*, 788 F.3d 717, 723 (7th Cir. 2015).

Here, a review of *Busz v. Comm'r of Soc. Sec.*, No. 1:20-cv-000398-SLC, confirms that the undersigned was assigned to Plaintiff's social security appeal filed in 2020. Notably, the Court in that case issued a judgment in *Plaintiff's favor*, reversing the decision of the Commissioner denying Plaintiff disability insurance benefits and supplemental security income and remanding the case to the Commissioner. *Busz v. Comm'r of Soc. Sec.*, No. 1:20-CV-00398-SLC, 2022 WL 354693, at *1 (N.D. Ind. Feb. 7, 2022).[2] In doing so, the Court encouraged the Administrative Law Judge at the administrative level to properly consider several pieces of evidence of record and adequately articulate her reasoning regarding various impairments alleged by Plaintiff. *Id.* at 6, 6 n.10, 8 n.14.[3] The Court's Opinion and Order was punctuated by

---

[1] *Pro se* parties cannot move for recusal under 28 U.S.C. § 144, therefore, the Court assumes Plaintiff is proceeding under 28 U.S.C. § 455. *See Wilson v. Kautex, Inc.*, No. 107-CV-60 TS, 2007 WL 1650105, at *1 (N.D. Ind. June 4, 2007). In any event, "[t]hese two sections are construed in pari materia, and the test of the legal sufficiency of a motion for disqualification is . . . largely the same under both statutes." 8 John Bourdeau, *et al.*, *Federal Procedure, Lawyer's Edition* § 20:40 (footnotes omitted).

[2] Contrarily to Plaintiff's allegation that his case "has been going on since 2017," his case has been closed since 2022.

[3] In its Opinion and Order, the Court also noted that it would not award Plaintiff benefits outright, and that Plaintiff had failed to carry his burden of showing (1) that his carpal tunnel syndrome automatically qualified him for

citations to the record and explicitly acknowledged having reviewed the evidence and medical source opinions.

Even entertaining Plaintiff's allegations, it is unclear how a judgment in his favor, potentially affording Plaintiff an ability to recover disability benefits, would cause him mental anguish and financial strain. In any event, that Plaintiff suffers from financial hardship or from mental anguish are not grounds for recusal. Recusal hinges on whether there have been objective indicia of bias, prejudice, or that the case has been resolved on a basis other than the merits. Plaintiff has simply not introduced any argument—let alone evidence—that suggests any of these grounds for recusal under § 455(a) or §455(b)(1) are met.

In short, the Undersigned's prior ruling does not create an appearance of bias or impropriety, and Plaintiff has failed to satisfy his burden of establishing actual prejudice or bias. Accordingly, Plaintiff's motion for recusal (ECF 5) is DENIED.

SO ORDERED.

Entered this 9th day of February 2024.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

disability benefits, (2) that his mental health symptoms compelled additional limitations in the mental residual functional capacity determination, and (3) that remand under sentence six of 42 U.S.C. § 405(g) was warranted. (*Id.* at 6, 8, 10-11). Plaintiff may take issue with this part of the Court's analysis, but those disagreements should have been advanced by appeal of the Court's decision, not by filing a motion for recusal. *See In re City of Milwaukee*, 788 F.3d at 723.