UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BOBBY BUSZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:23-CV-513-PPS-SLC |
| | ) |
| MARTIN O'MALLEY, | ) |
| Acting Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Bobby Busz filed a pro se social security complaint, protesting about the amount of social security income he is receiving each month. [DE 1.] The Commissioner filed a motion to dismiss, arguing Busz failed to exhaust his administrative remedies, therefore he did not receive a "final decision" from the Commissioner which is required to obtain judicial review under 42 U.S.C. § 405(g). [DE 7.] Because I find Busz has not exhausted his required administrative remedies, the motion to dismiss will be granted.

**Factual Background**

On December 12, 2023, pro se Plaintiff Bobby Busz filed a social security complaint. [DE 1.] His claims and facts are short, thus I will recite them here:

> I reported a change in circumstances in November. I no longer receive foodstamps & pay $200 a month rent that means my payments go up to $900 a month - I only received $600 this month. And really need my money - the only reason they have been garnishing my check's $300 a month is because of foodstamps.

[DE 1 at 2.]  In response to this complaint, the Commissioner filed a motion to dismiss. [DE 7.]  He argues dismissal is appropriate because Busz has not exhausted his administrative remedies, and there is no final decision from the Commissioner as required to get judicial review under 42 U.S.C. § 405(g).  In his reply, Busz states that he "did receive a final decision and [he] did state a claim that [he has] a protective filing date of 2017 " and he claims his "medical evidence has been cherry picked for 6 years." [DE 10 at 1.]

Plaintiff Busz previously filed two separate civil actions before this Court: (1) *Busz v. Comm'r of Soc. Sec.*, No. 1:23-cv-393 (N.D. Ind. 2023), challenging a partially favorable September 5, 2023 ALJ decision that awarded him supplemental security income benefits beginning February 1, 2023, in which the Commissioner filed a motion to remand, and Judge Gretchen Lund granted, reversing the decision of the Commissioner and remanding the matter under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings; and (2) *Busz v. Comm'r of Soc. Sec.*, No. 1:20-cv-398 (N.D. Ind. 2020), appealing a denial of his application for disability insurance benefits, and the Court reversed the Commissioner's decision and remanded the case back for further proceedings.  In this complaint, in contrast to these other two cases, Busz does not identify a final agency decision from which he is appealing.  Instead, he only identifies the amount of benefits he is receiving as the basis for his complaint.

**Discussion**

2

The Social Security Act creates a right to seek review of a final agency decision, allowing federal district courts to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g); *Matthews v. Eldridge*, 424 U.S. 319, 328 (1976) ("On its face § 405(g) thus bars judicial review of any denial of a claim of disability benefits until after a 'final decision' by the Secretary after a 'hearing.'"). The Social Security Act "imposes a strong administrative exhaustion requirement in 42 U.S.C. § 405(g) and (h). Section 405 (g) authorizes judicial review of an agency's 'final decision' and section 405(h) forecloses other routes to federal court." *Illinois Ins. Guar. Fund v. Becerra*, 33 F.4th 916, 922 (7th Cir. 2022).

Section 405(g) "contains two separate elements: first, a jurisdictional requirement that claims be presented to the agency, and second, a waivable requirement that the administrative remedies prescribed by the Secretary be exhausted." *Smith v. Berryhill*, 139 S. Ct. 1765, 1773 (2019). With respect to the requirement that administrative remedies be exhausted, the claimant has to proceed through a 4-step administrative process:

> First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. See 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, all agree, § 405(g) entitles him to judicial review in federal district court.

*Id.* at 1772. "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so

that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975) (citations omitted).

In this case, the Commissioner has not waived the requirement that Busz exhaust his administrative remedies – indeed, he has filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

In his complaint, Busz wrote "NA" under the prompts referring to the dates of the relevant ALJ and Appeals Council determination, and did not attach any copies of either decision. [DE 1 at 1.] Additionally, he did not plead factual content showing that his administrative remedies have been exhausted. He did not identify any agency decision from which Busz is appealing. Rather, Busz identifies only the amount of

4

benefits he is receiving as a basis for his complaint. Under 20 C.F.R. § 416.1402(a), a determination regarding the amount of supplemental security income is an "initial determination" subject to further review. *See* 20 C.F.R. § 416.1400(a)(1). "The regulations describe the process of administrative review and explain your right to judicial review after you have taken all the necessary administrative steps." 20 C.F.R. § 404.900(a). Busz does not allege that he has taken the necessary administrative steps to obtain judicial review in this case.

Although the exhaustion requirement may, in certain rare circumstances, be excused, this case is not one of those extraordinary circumstances. *See Smith*, 139 S.Ct. at 1773. To justify excusing the exhaustion requirement, a plaintiff must demonstrate three factors are present: (1) the claims in the lawsuit are collateral to claims for benefits; (2) the plaintiff would be irreparably injured were the exhaustion requirement enforced against him; and (3) exhaustion would have been futile. *Bowen*, 476 U.S. at 483-85. Busz does not allege that exhaustion should be excused. In his reply, he baldly claims he did receive a "final decision" but he does not attach any decision or give the court anything more to go off of. Busz's claim here isn't collateral to a claim for benefits, but rather it *is* a claim for benefits. *See Johnson v. Sullivan*, 922 F.2d 346, 353 (7th Cir. 1990) ("First, we must determine whether plaintiffs' claims are collateral attacks and not merely a challenge on the merits."); *see also Martin v. Shalala*, 63 F.3d 497, 504 (7th Cir. 1995) (recognizing when a complaint asserts plaintiff has not received benefits, and seeks damages for lost benefits "we cannot consider it as anything other than a claim for

5

higher benefits" and it is "in no way collateral to an amounts determination."). Second, Busz has not demonstrated that "deferment of judicial review until exhaustion of administrative remedies would cause him injury that cannot be remedied by later payment of the benefits requested." *Martin*, 63 F.3d at 505. Third, exhaustion through the entirety of the administrative process might actually result in Busz receiving the benefits he is seeking, so exhaustion cannot be said to be futile. *See Bowen*, 476 U.S. at 484.

Accordingly, because Busz has not shown that he has administratively exhausted his remedies and that he obtained a judicially reviewable decision, dismissal is appropriate. *See, e.g., Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000) (finding dismissal for failure to exhaust was proper under 12(b)(6) where the complaint was deficient on its face).

## Conclusion

For the reasons set forth above, the Commissioner of Social Security's motion to dismiss [DE 7] is GRANTED and the case is DISMISSED WITHOUT PREJUDICE.

The Clerk shall enter judgment in favor of Defendant and against Plaintiff.

**SO ORDERED**.

ENTERED: May 28, 2024.

/s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**